IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GREGORY B. MYERS, *et al.*, | * | |
| Appellants, | * | |
| v. | * | Civil Action No. PX-18-2536 |
| OFFIT KURMAN, P.A., *et al.*, | * | |
| Appellees. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is pro se Appellants Gregory B. Myers and Barbara Ann Kelly's (collectively, "Appellants") "motion to file audio cd of bankruptcy court hearings and oral ruling in lieu of a written transcript, or alternatively, motion to stay briefing until a written transcript can be obtained." ECF No. 12. Appellee Roger Schlossberg, Chapter 7 Trustee for the bankruptcy estate of Gregory B. Myers ("the Trustee") opposes the motion. ECF No. 13.

Appellants argue that they should be permitted to submit audio files of their hearings in bankruptcy court in lieu of a written transcript to avoid the cost of paying for transcription. Appellants request in the alternative that briefing be stayed until they can have the hearings "transcribed into written form in a manner that is not unduly burdensome and cost prohibitive." ECF No. 12 at 2.

In opposition, the Trustee contends that pursuant to Federal Rule of Bankruptcy Procedure 8009(b), Appellants were required to order a transcript of "such parts of the proceeding. . . as the appellant[s] consider[] necessary for appeal," make payment arrangements to the court reporter, and file a copy of their transcript order with the clerk of the bankruptcy court no later than August 29, 2018. However, Appellants did not raise their concerns about obtaining a transcript until this Court denied Appellants' emergency motion for extension of time

1

to file their opening brief.  ECF No. 11.  The Trustee also notes that because Appellants quote from the bankruptcy court hearings in their opening brief, the Trustee cannot respond properly without the benefit of a transcript.  Moreover, Appellants appeal from a ruling of the bankruptcy court based upon the as-yet untranscribed hearings, and so a verified copy is essential for review.

The Trustee has the better of the argument.  "Federal Rule of Bankruptcy Procedure 8009(b) requires appellants to order any transcripts considered necessary for the appeal within 14 days of filing a notice of appeal."  *In re Silver Spring Family Med. Ctr., LLC, 550 B.R. 286, 290* (D. Md. 2016).  Without a transcript of the proceedings, this Court lacks "a complete record to review the bankruptcy court's findings."  *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006); *Bulmer v. Bulmer*, No. WDQ-13-1578, 2013 WL 5604311, at *2 (D. Md. Oct. 10, 2013) ("Because [Appellant] appeals factual findings made by the Bankruptcy Court based on testimony and evidence at a hearing . . . this Court cannot determine the merits of [the] appeal without the hearing transcript.").  *See also Davis v. Burke*, No. AW-04-2015, 2005 WL 4014096, at *3 (D. Md. Apr. 4, 2005), *aff'd sub nom. In re Davis*, 144 F. App'x 360 (4th Cir. 2005) ("[I]t would be prejudicial for Defendants–Appellants if this Court reviewed the merits of this [bankruptcy court] appeal in the absence of [a] trial transcript.").

While Appellants urge this Court to allow them to obtain transcription from a source other than the court reporter, Federal Rule of Bankruptcy Procedure 8009(b) is clear that the transcript must come from the court reporter.  The Court does not find this requirement to be "unduly burdensome" and sees no reason to depart from the Rule here.

Accordingly, it is this 4th day of December, 2018, hereby ORDERED that:

1. The Motion to File Audio CD of Bankruptcy Court Hearings and Oral Ruling in Lieu of a Written Transcript, or Alternatively, Motion to Stay Briefing Until a Written Transcript Can be Obtained filed by Plaintiffs GREGORY B. MYERS and BARBARA ANN KELLY (ECF No. 12) BE, and the same hereby IS, DENIED;

2. The Clerk is DIRECTED to TRANSMIT copies of the Memorandum Opinion and this Order to Appellants and to counsel for the Appellees.

/S/
PAULA XINIS
United States District Judge